IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 17-00157-CG |
| | ) | |
| AMILCAR LOPEZ-CANDELARIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss the Indictment for a due process violation (Doc. 26) and the United States' Response (Doc.28).

Defendant Lopez-Candelaria was named in an indictment charging Illegal Entry after Deportation in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

Title 8, United States Code, Section 1326(a) provides:

**(a) In general**

Subject to subsection (b), any alien who--

**(1)** has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

**(2)** enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously

1

denied admission and removed, unless such alien shall
establish that he was not required to obtain such advance
consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more
than 2 years, or both.

The Indictment further alleges the penalty to be governed by §1326(b)(2):

Notwithstanding subsection (a), in the case of any
alien described in such subsection—
**(2)** whose removal was subsequent to a conviction for
commission of an aggravated felony, such alien shall be fined
under such title, imprisoned not more than 20 years, or both.

Title 8, U.S.C. § 1101(a)(43)(F) defines the term "aggravated felony" as

. . . a crime of violence (as defined in section 16 of Title 18, but not including a

purely political offense) for which the term of imprisonment [is] at least

one year." 18 U.S.C. § 16 defines "crime of violence" as

(a) An offense that has as an element the use, attempted use or
threatened use of physical force against the person or
property of another, or
(b) Any other offense that is a felony and that, by its nature,
involved a substantial risk that physical force against the
person or property of another may be used in the course of
committing the offense.


Defendant argues that the Indictment violates his rights under the

Due Process Clause of the Fifth Amendment to the Constitution because the

sentencing portion of the statute charged is void for vagueness, citing

*Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In *Johnson*, the

Supreme Court held that imposing an increased sentence under the residual

clause of the Armed Career Criminal Act (ACCA) violates the Constitution's

guarantee of due process. Although an analogy can be drawn between the

ACCA's residual clause and 18 U.S.C. § 16(b) -- which might call into question any sentence imposed that relies on an application of an enhancement grounded in § 16(b)[1] in this case the applicable section defining crime of violence is § 16(a), not § 16(b).  This is so because the prior conviction that potentially qualifies this defendant for the enhancement is a misdemeanor conviction out of Georgia for the offense of "battery of a pregnant woman."[2]  Because that offense is a misdemeanor, it cannot be considered a crime of violence under the residual clause, § 16(b),  as that section requires that the offense be a felony to qualify.   All of the case law cited by the defendant in support of his void for vagueness argument pertains to 18 U.S.C. § 16(b), not 16(a).  Section 16(a) defines a crime of violence by looking at the elements of each offense, and no court has determined that it is subject to analysis pursuant to *Johnson*.

Moreover, in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998) the Supreme Court held that, in the context of § 1326(c)(2)'s penalty provision, a defendant's prior aggravated felony conviction is merely a sentencing factor that need not be charged in an indictment or proven to a jury beyond a reasonable doubt.   And later, in *Apprendi v New Jersey*, 530,

---

[1] On September 29, 2016, the Supreme Court granted certiorari in *Lynch v. Dimaya*, 137 S.Ct. 131 (2106) to resolve a circuit split on whether the sub-definition of a "crime of violence" under 18 U.S.C. § 16(b) is void for vagueness.
[2] GA Code § 16-5-23.1(h) provides "Any person who commits the offense of battery against a female who is pregnant at the time of the offense shall, upon conviction thereof, be punished for a misdemeanor of a high and aggravated nature."

U.S. 466 at 489-90, 120 S.Ct. 2348 (2000), the Supreme Court expressed some doubt about whether *Almendarez-Torres* was correctly decided, but expressly declined to revisit that earlier decision. Further, in *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013), although the Court ruled that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," the Court further stated that it was expressly not revisiting *Almendarez-Torres*. 133 S.Ct. at 2160, n.1. Therefore, because the sentencing provision at issue here is clearly not an element of the offense, it cannot be said to affect the validity of the indictment, which properly alleges the offense charged.

Accordingly, the motion to dismiss is **DENIED**.

**DONE** and **ORDERED** this 26th day of October, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE